## WILLIAMS *v.* STEAM-GAUGE & LANTERN CO.

*(Circuit Court, N. D. New York.    August 5, 1891.)*

**PATENTS FOR INVENTIONS—LOCOMOTIVE HEAD-LIGHTS—INFRINGEMENT.**

The first claim of letters patent No. 235,924, issued December 28, 1880, to Irvin A Williams, for an improvement in locomotive head-lights, consisting of a combina tion of a burner, a head-light case, and a reflector provided with an opening by which access from the outside of the reflector, and back of its front edge or flange, is afforded for lighting, trimming, or cleaning the burner in the head-light case, is not infringed by letters patent No. 262,169, issued August 1, 1882, to Edward Wilhelm, for an improvement in such head-lights, consisting of an opening out of the reflector near its apex behind the burner for letting light into the case for illuminating signals at its sides, since the head-light alleged to infringe has an auxiliary reflector which prevents the use of the opening for lighting the burner, and the light which would incidentally escape through the aperture described in the first patent would not be sufficient to light the signals.

In Equity. Bill by Irvin A. Williams against Steam-Gauge & Lantern Company for infringement of a patent.

*Edmund Wetmore*, for orator.

*Albert H. Walker*, for defendant.

WHEELER, J. This suit is brought upon patent No. 235,924, dated December 28, 1880, and granted to the orator, for an improvement in

head-lights for locomotives. The construction of head-lights according to patent No. 262,169, dated August 1, 1882, and granted to Edward Wilhelm for an improvement in locomotive head-lights, with an auxiliary reflector and a hole in the principal reflector near the apex for lighting the lamp, is relied upon as an infringement. *Lantern Co.* v. *Williams*, 42 Fed. Rep. 843, was brought upon the latter patent, and head-lights constructed substantially according to the orator's patent appear to have been relied upon as an infringement. The court, WALLACE, J., held that, if this construction was an infringement, the orator's patent showed want of novelty *pro tanto.* That decision is somewhat relied upon in behalf of the orator in this case; but it falls short of even holding that practicing the invention of the orator's patent would be an infringement of the latter one if it was valid, and, of course, short of holding that practicing the invention of the latter patent would be an infringement of the orator's. Those questions were left open.

The orator's patent is quite complicated, but this part of it is merely for an opening into the reflector at the rear of the burner to give access to the burner for keeping it in order and lighting it. The claim relied upon for covering it is the first, and is for "the combination of a burner, a head-light case, and a reflector provided with means whereby access from the outside of the reflector, and in the rear of its front edge or flange, is afforded for either lighting, trimming, or cleaning the burner, within the head-light case," without moving the burner or reflector, "substantially as described." The means of access must be those described in the specification. A hole for lighting the burner to be closed, a door in the apex of the reflector to be shut, and an aperture in the rear of the burner for cleaning, trimming, and lighting the burner are there described. The Wilhelm patent is for an opening out of the reflector at or near its apex behind the burner for letting light into the case for illuminating signals at the sides, with or without an auxiliary reflector opposite the opening. This is said to be merely a new use of the means of access patented to the orator. The closed hole for the lighting of the burner and shut door at the apex of the reflector would, neither of them, in use, light the case; therefore the aperture for lighting the case would not be the equivalent for, or a new use of, either of them. But if the aperture for lighting the case is the same as or equivalent to the orator's aperture at the rear of the burner, the combination is the same as that of the first claim of the patent; and the use of it is merely a new use, which would appear to infringe. The aperture at the rear of the burner of the orator's patent is below the apex of the reflector, and, while it would let some light into the case which might illuminate signals at the sides, is different from the opening at the apex of the reflector of the Wilhelm patent. According to the defendant's testimony, the head-light relied upon for infringement has an auxiliary reflector which would prevent the use of the opening for lighting the burner; and the light that would incidentally escape through the aperture at the rear of the burner of the orator's patent would not be effect-

ive to light the signals. Besides this, head-lights, and head-lights with openings in the reflectors for lighting signals at the sides of the case, preceded the orator's invention. His patent included an elongated reflector of peculiar shape, and these means of access are described as connected with that. Wilhelm's patent does not include such a reflector. The orator's improvement produced one style of head-light, and Wilhelm's another, in this respect. Each was entitled to a patent for his respective improvement only. *Railway Co.* v. *Sayles*, 97 U. S. 554. The orator's invention does not appear to have extended to the illumination of signal-plates, and his patent does not appear to cover anything that the defendant has done. Let a decree be entered dismissing the bill of complaint, with costs.